IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME CARLTON WOODS, | ) | |
| | ) | Civil Action No. 17 – 17 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MS. MAUREEN MALANOSKI, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for More Definite Statement filed by the Defendants on September 22, 2017. (ECF No. 23.) After reviewing Plaintiff's Complaint and Defendants' Motion, the Court finds that Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure and therefore it is necessary for Plaintiff to file an amended complaint that is in compliance with the Rules and the following instructions. As such, Defendants' Motion will be granted.

**Instructions for Filing an Amended Complaint[1]**

**A.     Caption and Heading**

The caption should include the name of the court, the parties, their capacities (i.e., whether they are being sued in their individual or representative (official) capacity), and the title of the pleading (i.e., Amended Complaint). To do this, Plaintiff must place his full name at the

---

[1] Under Federal Rule of Civil Procedure 10(b), all averments should be made in separately numbered paragraphs. This is to facilitate the "clear presentation" of the matter set forth.

top left of the amended complaint and also add the names of each defendant. Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).[2]

## B.  Jurisdiction and Venue

Because federal court is a court of limited jurisdiction, Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

Plaintiff must also explain why he is suing specifically in this Court. Venue in federal court is by district. To learn more about venue, see 28 U.S.C. § 1391. If this is the incorrect venue, then the Court may automatically transfer this case to the correct venue.

## C.  Parties

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

---

[2] Plaintiff must show personal involvement in the alleged wrongdoing by each defendant. *See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

**D.    Statement of Facts**[3]

This is the time to present the facts of the case: what happened, where it happened, when it happened, how it happened and who was involved. In this section, Plaintiff should write a summary of the facts relevant to this lawsuit. Additionally, any document referred to in this section must be cited as an exhibit and attached at the end of the amended complaint.

In this section, Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Plaintiff should clearly describe how **each named defendant** is involved in the alleged constitution violation(s). This description should include references to relevant **dates, times, and locations**. It should explain to the Court what happened by specifically describing **each** defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, **each** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be

---
[3] It appears that Plaintiff has organized his current complaint by Defendant and not by claim. Plaintiff should divide this section of his amended complaint into paragraphs as required by the Federal Rules of Civil Procedure.

clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident. Additionally, the amended complaint should set forth factual allegations that, taken together, satisfy the elements of the cause of action.

**E.      Claims/Causes of Action**

After the facts have been listed, Plaintiff should list the legal claims (also called "causes of action"). Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide a description of how the defendant(s) violated his rights. If Plaintiff has several claims then they must be separated into different sections and titled, "Claim I," "Claim II," Claim III," and so on.

**F.      Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

**G.      Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

**H.      Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions.

**I.**   **Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

**J.**   **Jury Demand**

Federal Rule of Civil Procedure 38(b) provides that a jury demand must be made if a jury trial is sought. If this is not done, Plaintiff has within fourteen (14) days of filing the amended complaint to make a jury trial demand, otherwise he may be considered to have given up the right to a jury.

**K.**   **Declaration Under Penalty of Perjury**

Federal Rule of Civil Procedure 11 provides that every pleading, written motion, and other paper must be signed by an individual attorney of record or by the pro se party. Therefore, Plaintiff must sign his amended complaint and when doing so he is making a declaration under law to the Court that everything in the amended complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading information, etc. These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

**AND NOW**, this 4th day of October, 2017;

**IT IS HEREBY ORDERED** that the Motion for More Definite Statement (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall amend his complaint as described herein and file it with the Court within **fourteen (14) days** of the date of this Order. Plaintiff shall clearly mark his complaint "Amended Complaint". The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. If Plaintiff fails to comply with this Order then the undersigned will recommend that this action be dismissed for his failure to prosecute.

/s/ Lisa Pupo Lenihan  
Lisa Pupo Lenihan  
United States Magistrate Judge

cc: Jerome Carlton Woods  
    HU-4115  
    SCI Greene  
    175 Progress Drive  
    Waynesburg, PA 15370