IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEROME CARLTON WOODS,

    Plaintiff,                           2:17-cv-17
                                              ELECTRONICALLY FILED
    v.

MAUREEN MALANOSKI, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER RE: MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. NO. 50)

On January 5, 2017, Plaintiff initiated this action by sending a Complaint for Monetary Damages, Punitive Damages, and Declaratory and Injunctive Relief to the Clerk's Office for filing, without submitting the filing fee nor a Motion to Proceed In Forma Pauperis. Doc. No. 1. As a result, the Complaint was not filed and the case was closed until Plaintiff either submitted the appropriate motion to proceed without payment of the fee, or paid the fee. Doc. No. 2.

More than one month later, Plaintiff submitted a Motion for Leave to Proceed In Forma Pauperis, which was granted, because of his status as a prisoner, and the Complaint was filed. Doc. Nos. 3 and 5. Service of the Complaint was made by the United States Marshals, and Defendants moved for Plaintiff to file a more definite statement of his claims, which was granted, and Plaintiff was ordered to file an Amended Complaint by October 18, 2017. Doc. No. 25. Plaintiff failed to comply with that Order and was warned by the Court in a Show Cause Order that he would be given one additional oportunity to file his Amended Complaint, which he did on December 1, 2017, after receiving another extension of time to file. Doc. Nos. 27, 29, and 31.

After Defendant was released from incarceration, he failed to file a change of address notice or to otherwise communicate with the Defendants or the Court. As a result, Defendants

filed a Motion to Dismiss for Lack of Prosecution on February 12, 2018.  [Doc. No. 38](). This Court denied the Motion without prejudice to refile and provided Plaintiff with fourteen days to file a change of address notice, which was done on February 22, 2018.  Doc. Nos. 41 and 42.  On February 27, 2018, Defendants filed the Partial Motion to Dismiss that is the subject of the instant Report and Recommendation.  Doc. Nos. 43 and 50.

Plaintiff failed to file a response in accordance with the initial briefing schedule and was then ordered to show cause why the case should not be dismissed for failure to prosecute.  Doc. Nos. 45 and 47.  Rather than filing his response to the Partial Motion to Dismiss, Plaintiff filed a response to the show cause order alleging that his brief in response must have been destroyed by the Defendants (several individuals associated with the Pennsylvania Department of Corrections and SCI-Pittsburgh), when he placed it in the mail at his then-current place of incarceration, the Allegheny County Jail.  [Doc. No. 48]().

The Magistrate Judge then ordered Plaintiff to file his response to the Partial Motion to Dismiss by July 16, 2018, and warned that failure to file said response "will result in a recommendation to the district judge that the case be dismissed."  Doc. No. 49.  Plaintiff has never filed a response to the Partial Motion to Dismiss.  *See* Docket.  On July 18, 2018, the Magistrate Judge filed a Report and Recommendation detailing Plaintiff's contumacious and dilatory conduct in his failure to prosecute this case, but, short of the warning to recommend dismissal of the entire case issued in the June 13, 2018 Order, only recommended that the Partial Motion to Dismiss be granted.  [Doc. No. 50]().

Plaintiff was ordered to file objections to the report and recommendation by August 6, 2018. As of the date of this Memorandum Order, Plaintiff has never filed a response to the February 27, 2018 Partial Motion to Dismiss and has not file objections to the Report and Recommendation, nor has he responded to the June 13, 2018 Order which warned him his case

2

would be recommended for dismissal if he failed to respond to Defendants' motion.  *See* Docket.

Accordingly, the Court will adopt the Magistrate Judge's well-reasoned and thorough analysis of the six *Poulis* factors determining whether dismissal is an appropriate sanction for Plaintiff's failure to prosecute his case.  *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 868 (3d Cir. 1984).  However, the Court will modify the recommendation that only the Partial Motion to Dismiss be granted, and instead will dismiss the entire case for Plaintiff's failure to prosecute.  Plaintiff's case, initiated more than 18 months ago, has never progressed past the initial pleadings stage due to Plaintiff's failure to comply with numerous Court orders, despite Defendants' diligent and timely efforts to litigate the case.

## **ORDER**

For the reasons set forth, the Magistrate Judge's Report and Recommendation is ADOPTED AS MODIFIED, consistent with this Memorandum Opinion and Order.  Plaintiff's case is DISMISSED WITH PREJUDICE for failure to prosecute.  The Clerk shall mark this case CLOSED.

SO ORDERED, this 21st day of August, 2018,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge

CC:   All registered ECF Users

JEROME CARLTON WOODS
174412
Renewal Inc.
339 Boulevard of the Allies
Pittsburgh, PA 15222